cree will be, that they give a stipulation, with sureties for the return of the vessel to the port of New Bedford. This being a whale ship, and all the owners resident in New Bedford, I think she should be returned to that port.

[NOTE. Subsequently, upon the safe return of the vessel. the libellant, who had objected to its being sent on the voyage, filed a libel in this court to recover damages or compensation for the use of his part of the vessel, together with certain outfits consumed in the course of the voyage. The court held that, since the libellant had received a stipulation from the other owners for the vessel's safe return, he was not entitled to compensation for the use of his part of the vessel during the voyage, and that a court of admiralty had no jurisdiction of his claim for the use or destruction. during the voyage, of his part of the outfits. The remedy was in equity. The bill, therefore, was dismissed. Case No. 9,065.]

---

MARENGO, The (BACKUS v.). See Cases Nos. 712 and 713.

---

## Case No. 9,067.

### MARET et al. v. WOOD.

[3 Cranch, C. C. 2.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

PLEADING AT LAW—GENERAL ISSUE—WHAT IT ADMITS.

By pleading the general issue the defendant admits the right of the plaintiffs to sue by the name of Charles Maret & Son, without naming the son; and a note. indorsed to the plaintiffs by that name, and produced by them on the trial, is primâ facie evidence of the existence of such a firm.

Assumpsit, on the defendant's promissory note for $163.25, dated May 27, 1820, payable twelve months after date to one Thomas Williams. or order, and by him indorsed "to Charles Maret & Son." Plea, non assumpsit, and issue. The declaration stated that "William Wood was attached to answer to Charles Maret & Son, trading under the firm of Charles Maret & Son," without naming the son, whereupon the said plaintiffs complain, &c.

Mr. Hall, for defendant, prayed the court to instruct the jury that the plaintiffs could not recover unless they proved, by other evidence than the indorsement, the existence of such a house or copartnership as that of Charles Maret & Son; which instruction THE COURT refused to give, (THRUSTON, Circuit Judge, absent,) being of opinion that the defendant, by pleading the general issue, had admitted the existence of such a firm and the competency of the plaintiffs to sue by that name; and that if the defendant had now any remedy, it must be by motion in arrest of judgment.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

MORSELL, Circuit Judge, was of opinion that the production of the note by the plaintiffs, indorsed to them, by that name, was primâ facie evidence of the existence of such a firm.

Verdict for the plaintiff.

---

## Case No. 9,068.

### The MARGARET.

[5 Biss. 353; [1] 5 Chi. Leg. News, 565.]

Circuit Court, E. D. Wisconsin. July, 1873.[2]

SHIPPING—TUG AND TOW—GROUNDING OF TOW—PRESUMPTION OF KNOWLEDGE—SAILING QUALITIES—CONDITION OF HARBOR.

1. The captain of a tug is bound to know the sailing qualities of a vessel which he had towed into a harbor on several previous occasions.

[Cited in Stretch v. The Margaret, 2 Fed. 258.]

2. He is also bound to know the condition of the harbor, the effect of the wind and waves. and the necessary course to safely enter the harbor.

3. Though the tow should be properly steered and follow in the wake of the tug, the responsibility as to the mode. manner and speed of entrance, and the course pursued, is with the tug.

This was an appeal from the decree of the district court, dismissing a libel filed by Charles F. Bliss et al., owners of the brig Mechanic, against the tug Margaret, to recover damages by reason of the grounding of the brig while entering the harbor of Racine in tow of the Margaret. [Case unreported.]

DRUMMOND, Circuit Judge. This case has been ably argued, and it must be admitted is not free from difficulty. I have hesitated somewhat in consequence of the decision of the district judge dismissing the libel, but the parties are entitled to my best judgment on the facts, and not being able to agree with the district judge on some of the leading facts, and on which the case must turn, I shall reverse the decree.

The facts are, that the brig Mechanic, of which the libellants were the owners. in November, 1868, took on a load of lumber at Suamico, for Racine, and not far from noon on the thirtieth day of November, arrived off that harbor, and signaled the tug Margaret to come and tow her in. The tug accordingly went out and reached the brig, about a mile and a half from the harbor, the precise distance not being distinctly ascertained. The tug approached the brig on the starboard, or weather quarter, the wind at the time blowing from the north and west. A starboard line was thrown from the brig to the tug, and either then, or shortly afterwards, and before the tug entered the har-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in 94 U. S. 494.]